[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDERS
The substitute plaintiff, JFL Enfield, LLC, an entity controlled by the wife of the defendant Ladd, acquired the underlying note and mortgage by assignment while this foreclosure action was pending. Therefore, it stands to acquire the property in question and a deficiency judgment from the defendant Frederick, the partner of the defendant Ladd in the acquisition of the property and execution of the note and mortgage. Defendant Frederick has filed a cross claim against defendant Ladd, claiming a breach of their fiduciary relationship and an CT Page 12812 avoidance of his obligation to share in any deficiency judgment, based on the substitute plaintiff's acquisition of the note and mortgage.
Based on these very unusual circumstances, I find that the cross claim is properly filed under P.B. § 10-10. The dictates of equity, which govern foreclosure actions, and judicial economy require that defendant Frederick's claim be resolved as part of this action rather than as a separate action brought after the issues of foreclosure and the right to a deficiency judgment have been determined.
Defendant Frederick's cross claim is narrowly drawn to relate to only the circumstances surrounding this property transaction, not the entire business relationship between him and defendant Ladd or other properties owned by them. Therefore, allowing it to be litigated as part of this action should not result in undue delay. Accordingly, the substitute plaintiff's motion to strike the cross claim is denied.
The substitute plaintiff's motion to strike defendant Frederick's special defenses one and two of his "restated answer and amended special defenses", dated July 2, 1998, is granted.
BY THE COURT
Shorthall, J.